UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Worcester)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| PETROLEX MANAGEMENT, LLC, ) | Case No. 16-41322 (CJP) |
| ) | |
| Debtor ) | |
| ) | |

**OBJECTION OF HOME LOAN INVESTMENT BANK, FSB
TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH
COLLATERAL ON AN INTERIM AND PERMANENT BASIS**

Home Loan Investment Bank, FSB ("Home Loan"), a secured creditor of Petrolex Management, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), by and through its counsel, hereby objects to the Motion by Debtor for and Order Authorizing the Use of Cash Collateral on an Interim and Permanent Basis (Doc. 9) (the "Cash Collateral Motion") and the proposed Order Providing for use of Cash Collateral and Providing Adequate Protection (Doc. 29) (the "Agreed Order") by Debtor and Petroleum and Franchise Capital ("PFC") and respectfully requests that this Court deny the relief sought in the Cash Collateral Motion and Agreed Order, because the payments proposed to be made to PFC are not justified and the Agreed Order makes no provision for adequate protection payments to Home Loan with respect to its second priority perfected interest in all of the Debtor's business assets. By separate motion, Home Loan has sought relief from the automatic stay to re-commence foreclosure on the Debtor's property. As noted in Home Loan's Motion for Relief (Doc. 24), Home Loan asserts that it is entitled to monthly adequate protection payments of not less than $5,500.00. In support

of this objection, Home Loan relies on its Motion for Relief and the exhibits and Affidavit filed therewith[1] and further states as follows:

## PRELIMINARY STATEMENT

The Debtor and its operating entity - IMS Petroleum, Inc. ("IMS")– are co-obligors on a loan from Home Loan secured by: (i) a Mortgage; and (ii) an Assignment of Leases and Rents on the Property.  As of the Petition Date, the outstanding balance due on Home Loan's Note was as follows:

| | |
|---|---|
| Principal: | $ 850,198.53 |
| Interest: | $ 211,591.86 |
| Late Fees: | $     6,496.65 |
| Collection Costs & Fees: | $  128,021.49 |
| **Total** | **$1,206,308.53*** |

*plus continuing interest, costs and attorneys' fees and expenses.  Interest accrues at the per diem rate of $139.7586.

As detailed in its Motion for Relief, the Debtors have made no payments to Home Loan in approximately five years.  Additionally, Home Loan has sought on multiple occasions to obtain documentation from PFC of the amounts it claims to be owed.  PFC has steadfastly refused to document the elements of its claims against the Debtor.

According to the Agreed Order (at Par. D), PFC was owed $646,685.22 as of the Petition Date, *exclusive of default interest, late charges, attorneys' fees and other charges*.  The Agreed Order fails to quantify how much default interest, late charges, attorneys' fees and other charges PFC claims it is owed as of the Petition Date.  Additionally, the Agreed Order does not indicate what interest rate is being charged and the basis for the imposition of that interest rate.

---

[1] Any capitalized terms not defined herein shall have the meanings set forth in the Motion for Relief and affidavit and exhibits thereto.

Home Loan has been previously advised that the Debtor was routinely making its required payments to PFC pre-petition, but that the PFC loan balance was nevertheless negatively amortizing. In any event, the Debtor claims that the aggregate amount owing to PFC is no more than $1 million (See Schedule D filed with Debtor's bankruptcy schedules, Doc. 30, on August 23, 2016). Home Loaan posits that before any adequate protection payments are made to PFC, it should be required to elaborate on how its claim has been calculated, what the per diem interest is, and how receipt of any adequate protection payments would be applied.

In its schedules, the Debtor claims that the Property is worth $1.5 million. Consequently, PFC possesses an equity cushion of not less than $500,000 – and probably much more. Given this substantial equity cushion, and further noting the lack of documentation for the amounts owing to PFC in excess of $646,685.22, Home Loan contends that PFC is adequately protected by the rollover liens provided-for in the Agreed Order, and that PFC should not receive any adequate protection payments.

Instead, the Debtor's cash flow should be directed to Home Loan as adequate protection for the lost rental stream to which it is entitled under its Assignment of Leases and Rents and as adequate protection for diminution of its interest in the Property.

## JURISDICTION

1. On July 27, 2016 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought are 11 U.S.C. §§ 105 and 363.

**THE NON-DEBTOR ENTITIES**

5.  Home Loan is separately pursuing IMS, Imad, and Samer (collectively, the "Non-Debtor Obligors") in state court on their note and guaranty obligations. Among other things, Home Loan is seeking appointment of a Receiver, and seeking to enjoin the Non-Debtor Obligors from making any payments other than in the ordinary course of business.

**THE PROPERTY**

6.  The Property comprises a retail gasoline and food mart operation along with a portion of the premises leased to a Dunkin Donuts tenant. As noted in its Motion for Relief, the Lease between the Debtor and IMS - both of which entities are controlled by the same persons – provides for flat monthly payments of $6,200 for thirty-five years. The lack of escalators and the lengthy term of the Lease suggest that this non-arms' length Lease appear to be very tenant-friendly.

7.  It is also worth noting that the budget affixed to the Agreed Order states that monthly income from IMS is approximately $16,200. However, the Lease between IMS and Debtor only requires payments of $6,200. The other $10,000 of this projected monthly income appears to be lease payments being made by a Dunkin Donuts franchise to IMS under a sublease. The Debtor has not provided documentation establishing that IMS is required to turnover the Dunkin Donuts lease payments to the Debtor.

8.  Consequently, it is likely that this $10,000 portion of the cash inflows reflected the Debtor's budget will cease when a statutory receiver is appointed to handle the affairs of IMS.

9.  As set forth in the June 2016 Appraisal (Affidavit Exhibit A) the value of the Property is $2,340,000.00.

10. Pursuant to the Debtor's Schedule D, the encumbrances on the Property as of the Petition Date are as follows:

    i. PFC        $1,000,000
    ii. Home Loan  $ 900,000    (disputed)
    iii. AL Prime   $ 364,000    (contingent)
    iv. Yatco      $ unk       (contingent)

11. The Debtor schedules the Property value at $1,500,000.

12. Whether the Debtor's valuation ($1.5 million) or Home Loan's valuation ($2.3 million) is correct, it is clear that PFC is more than adequately protected by virtue of its senior lien position in the Property.

13. As noted above and in its Motion for Relief, The Debtor has failed to timely make payments under the Loan Documents, including post-petition payments. Additionally, unpaid real estate taxes are accruing on the Property. Given the foregoing, some provision for adequate protection payments to Home Loan should be made.

14. At a minimum, if Home Loan's valuation ($2.3 million) of the Property is correct Home Loan should receive adequate protection payments of not less than $5,500.00 to cover interest and depreciation. Otherwise Home Loan's barely oversecured position ($2.3 million value, less $1 million first lien, leaves $1.3 million equity cushion to secure Home Loan's $1.2 million loan balance) will be consumed quickly by continuing interest and costs during the early stages of this bankruptcy case.

15. Home Loan also objects to the grant of superpriority liens to PFC which are called for in paragraph 10 of the Agreed Order.

16. Additionally, Home Loan objects to the use of a cursory budget affixed to the Agreed Order that makes no provisions for payment of taxes, adequate protection to Home Loan, and payment of other amounts that might diminish Home Loan's interest in the Property.

WHEREFORE, Home Loan Investment Bank, FSB, respectfully requests that this Court enter an order denying the Motion and requiring that the Debtor submit: (1) a budget providing for payment of adequate protection payments in an amount agreeable to Home Loan as well as providing for payment of taxes and other amounts that municipalities and taxing authorities may seek to charge against the Property; and (2) a proposed order granting Home Loan replacement liens and reporting rights as favorable as those granted to PFC, and granting such other and further relief that as is just and proper.

HOME LOAN INVESTMENT BANK, FSB

By its attorneys,

Dated: August 24, 2016

/s/ Frank F. McGinn
Frank F. McGinn, BBO #564729
ffm@bostonbusinesslaw.com
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA  02110
Tel. (617) 422-0200
Fax. (617) 422-0383

## **CERTIFICATE OF SERVICE**

I, Frank F. McGinn, hereby certify that on August 24, 2016, I served a copy of Objection of Home Loan Investment Banks, FSB to Debtor's Motion for an order authorizing the use of cash collateral on an interim and permanent basis upon the following individuals below:

### **VIA ECF**

- **Paul W. Carey**    pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Gary M. Hogan**    garyh@bbb-lawfirm.com, amym@bbb-lawfirm.com;lisak@bbb-lawfirm.com
- **Richard King**    USTPRegion01.WO.ECF@USDOJ.GOV
- **Kevin C. McGee**   kcmmcgee@outlook.com

### **VIA FIRST CLASS MAIL**

A.L. Prime Energy Consultant, Inc.
18 Lark Avenue
Saugus, MA 01906-4261

Craig I. Lifland on behalf of Creditor Petroleum & Franchise Capital, LLC
Halloran & Sage
225 Asylum Street
Hartford, CT 06103


Dated:  August 24, 2016         /s/ Frank F. McGinn
                                Frank F. McGinn (BBO# 564729)