# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | Chapter 11 |
| PETROLEX MANAGEMENT, LLC. ) | |
| ) | Case No. 16-41322 (CJP) |
| Debtor ) | |
| ) | |

## OPPOSITION OF DEBTOR TO MOTION OF HOME LOAN & INVESMENT BANK FOR RELIEF FROM THE AUTOMATIC STAY

Now respectfully represents Petrolex Management, LLC, (hereinafter "Debtor") and files this opposition to the Motion of Home Loan & Investment Bank for Relief from the Automatic Stay ("Motion") and respectfully responds to the Motion as follows.

### JURISDICTION

1. Admit.
2. Admit.
3. Admit.
4. Admit.

### THE DEBTOR AND NON-DEBTOR ENTITIES

5. Denied.
6. Admit.
7. The Debtor has insufficient knowledge to admit or deny.
8. The Debtor has insufficient knowledge to admit or deny.
9. The Debtor has insufficient knowledge to admit or deny.
10. The Debtor has insufficient knowledge to admit or deny.
11. The Debtor has insufficient knowledge to admit or deny.
12. The Debtor has insufficient knowledge to admit or deny.
13. The Debtor has insufficient knowledge to admit or deny.
14. The Debtor has insufficient knowledge to admit or deny.
15. The Debtor has insufficient knowledge to admit or deny.

1

16. The Debtor has insufficient knowledge to admit or deny.

17. The Debtor has insufficient knowledge to admit or deny.

## THE PROPERTY

18. Admit

19. The Debtor has insufficient knowledge to admit or deny.

20. Admit

21. The Debtor has insufficient knowledge to admit or deny.

22. Admit

23. The Debtor has insufficient knowledge to admit or deny.

24. Admit.

25. Denied.

26. The Debtor has insufficient knowledge to admit or deny.

27. Denied.

28. The Debtor has insufficient knowledge to admit or deny.

## LEGAL ARGUMENT

29. Admit.

30. Denied.  The lack of payments to Home Loan, if any, do not equate necessarily to a lack of adequate protection of Home Loan's interest in the Property.  One has virtually nothing to do with the other.

31. Denied.  Debtor is not required to make the real estate tax payments; its tenant has that responsibility under a NNN lease agreement.  In addition, as of the date of Home Loan's motion, the very first post-petition tax payment just became due.

32. Denied.

33. Denied.  Pending the receipt of a new appraisal, the amount contained in Debtor's motion was Debtor's estimate of the Property value based on a 2008 appraisal.  Additionally, it is Debtor's position that the A.L Prime Mortgage secures a fuel supply contract, the liability under which generally cannot exceed the sum of $35,000.00.  The Yatco mortgage secures a Petrolex guaranty of a fuel supply contract on an unrelated entity and is unliquidated and contingent.  There has been no default on the underlying agreement, thus, there is no monetary balance due on the Yatco mortgage.

34. Denied.

35. Denied. The Debtor further states that unless and until all secured creditor's claims are proved, there is no way to determine the amount of equity the Debtor possesses and whether or not any secured creditor, including Home Loan, is entitled to post-petition interest and costs pursuant to 11 U.S.C. §506(b). To state otherwise is an erroneous presumption.

36. Denied.

37. Admit that section 362(g) places the burden on the Debtor to prove that the Property is necessary for an effective reorganization. Debtor maintains, however, that this obligation and burden do not arise unless and until the Movant (Home Loan) has met its burden on a lack of equity in the Property. *See* 11 U.S.C. §362(g). Moreover, Debtor's burden, in the event that the movant has met its burden, has been described as "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd*, 484 U.S. 365, 375-376 (1988).

Home Loan has filed its motion for relief less than three (3) weeks into this case and before the Debtor has filed its schedules or had its section 341 meeting. Clearly, Home Loan's motion is not only premature but also, in the view of most bankruptcy courts, filed during a period in which less detail is demanded of a debtor to meet its burden under §362(g). *See, In re Souza*, where the court defined this burden on the debtor as follows: "Immediately after the case is filed, a debtor in possession opposing stay relief may offer a "less strenuous" showing of 'a reasonable possibility of successful reorganization within a reasonable time.' During this stage, the debtor sustains the burden of proof by offering sufficient evidence that a successful reorganization within a reasonable time is "plausible." The standard is low, requiring the debtor only to present evidence that is "superficially worthy of belief" that it is capable of producing a plan. The terms of the plan can be obscure and vague, as long as it is plausible that a successful reorganization may occur." *In re Souza*, No. 12-13341, 2012 WL 8441318 (Bankr. E.D. Ca. Nov. 26, 2012). (internal citations omitted). *Accord*, *In re BB Island Capital*, 540 B.R. 16 (Bankr. D. Mass. 2015). In the *BB Island Capital* case, Judge Feeney adopted the rationale of *Souza*, and in quoting the case of *Am. Network Leasing, Inc. v. Apex Pharm., Inc*. (*In re Apex Pharm., Inc*.) 203 B.R. 432, 442 (N.D. Ind. 1996), stated '"During the early stages of a bankruptcy case, the court must work with less evidence that might be desirable and should

3

resolve issues in favor of the reorganization where the evidence is conflicting to ensure that the debtor is given the breathing room Congress intended the stay to provide.'" *Id.* (internal citations omitted). Clearly, at the time of the filing of this motion, the status of this case can surely be categorized as "early stages." Thus, the debtor can sustain its burden by simply demonstrating that a successful reorganization within a reasonable time is plausible.

38. Denied. See 11 U.S C. §1129(a)(10).

39. Denied. See also 11 U.S.C. §1129(a)(10).

40. Admit.

WHEREFORE, the Debtor respectfully requests that the Court deny and dismiss the Motion of Home Loan and Investment Bank for Relief from the Automatic Stay and that the Court grant this Debtor such other and further relief as is just and reasonable.

DATED: August 30, 2016        Respectfully submitted,
                              PETROLEX MANAGEMENT, LLC,
                              By its attorney,

                              /s/ Gary M. Hogan
                              Gary M. Hogan, Esquire BBO# 642002
                              Baker, Braverman & Barbadoro, P.C.
                              300 Crown Colony Drive, Suite 500
                              Quincy, MA  02169
                              Telephone: (781) 848-9610
                              garyh@bbb-lawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re: ) | Chapter 11 |
|    PETROLEX MANAGEMENT, LLC. ) | |
| ) | Case No. 16-41322 (CJP) |
|               Debtor ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Gary M. Hogan, Esquire do hereby certify that I have given either electronic notice and/or mailed, postage prepaid, a copy of *OPPOSITION OF DEBTOR TO HOME LOAN & INVESTMENT BANK'S MOTION FOR RELIEF FROM THE STAY* to the parties listed below and to those on the attached service list.

Dated: August 30 2016              /s/ Gary M. Hogan
                                                      Gary M. Hogan, Esquire BBO#642002
                                                      Baker, Braverman & Barbadoro, P.C.
                                                      300 Crown Colony Drive, Suite 500
                                                      Quincy, MA  02169
                                                      Telephone: (781) 848-9610
                                                      garyh@bbb-lawfirm.com

**To the CMF Participant**

- Richard King, Esq.         USTPRegion01.WO.ECF@USDOJ.GOV;
  Office of U.S. Trustee     ffm@bostonbusinesslaw.com
- Stephen E. Meunier, Esq.   stephen.meunier@usdoj.gov
- Paul W. Carey, Esq.        pcarey@mirickoconnell.com;
                                          bankrupt@mirickoconnell.com
- Craig I. Lifland, Esq.       lifland@halloransage.com; legister@halloransage.com
- Kevin C. McGee, Esq.     kcmmcgee@outlook.com
- Frank McGinn               ffm@bostonbusinesslaw.com

**To the NON-CMF Participants:**

 A.L.  Prime Energy Consultant, Inc.               Home Loan & Investment Bank

18 Lark Avenue
Saugus, MA 01906-4261

One Home Loan Plaza
Warwick, RI 02886-1765

Yatco Distribution LLC
4 Mount Royal Avenue, Suite 370
Marlborough, MA 01752-1961

Yatco Distribution LLC
c/o Paul W. Carey, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Petrolex Management, LLC
80 Chelmsford Road
North Billerica, MA 01862-1340

Petroleum Finance Funding LLC
33 Mill Plain Road
Danbury, CT 06811-7102